ROBERT WARNOCK, APPELLANT, v. REUBEN DE-
WITT, RESPONDENT.[1]

1. MINING CLAIM.—RELOCATION.—A locator of a quartz claim, who
has allowed his location to lapse for failure to do the annual
assessment work and to become subject to relocation, under
Rev. St. U. S. § 2324, providing for the relocation of claims
on which the required annual amount of work has not been
done, has the right to make a new location covering the same
ground.

2. ID.—ID.—SUFFICIENT DESCRIPTION OF BOUNDARIES.—A mining
claim marked by a discovery monument on which is placed
the notice of location, and by a stake at each of the three
corners of the claim and a monument at the center of each
end line, leaving one corner of the claim unmarked, is suffi-
ciently marked, under Rev. St. U. S. § 2324, providing that
such a claim shall be "distinctly marked so that its bounda-
ries can be readily traced."

(No. 555.   Decided April 27, 1895.   40 P. R. 205.)

APPEAL from the District Court of the Second Judicial
District.   Hon. George W. Bartch, *Judge.*

Action by Robert Warnock against Reuben DeWitt to
recover the possession of a mining claim.   From a judg-
ment for defendant, plaintiff appeals.   *Affirmed.*

*Messrs. Booth, Lee & Gray,* for appellant.

Durkee, the original locator, failed to do his assessment
work in the year 1886, but early on the morning of Janu-
ary 1, 1887, he relocated the claim under another name.
Plaintiff claims under a location made January 17, 1887.

---

[1] Rehearing denied June 3, 1895.   Petition for an appeal to the
Supreme Court of the United States on affidavits of value pending.
Appealed to the Supreme Court of the United States Nov. 6, 1895.

Under § 2324, Rev. Stat. U. S., a locator had to do $100 worth of labor during each year until patent issued, but upon failure to do this work, the claim became subject to relocation; "*Provided*, That the original locators, their heirs, assigns, or legal representatives have not resumed work upon the claim after failure and before such location." Congress evidently intended that the original locator should not relocate the claim, but should begin doing assessment work, while the stranger might relocate the claim and have the advantage of one year before doing the assessment work, otherwise, the original locator by relocating the claim each year could hold the claim an indefinite number of years without doing any assessment work. This would be a fraud upon the United States and also upon those persons who would locate the claim in good faith, intending to do the work required. Durkee not having begun work at any time between January 1 and January 17, 1887, plaintiff's location on said last day was valid. *Chambers* v. *Harrington*, 111 U. S. 428; *Lockhart* v. *Rollins* (Id.), 21 Pac. 415; *Honaker* v. *Martin* (Mont.), 27 Pac. 397; *Johnson* v. *Young* (Io.), 34 Pac. 174; *Mills* v. *Fletcher* (Cal.), 34 Pac. 637. The statute requires one hundred dollars in value of work to be done on each claim located after May 10, 1872, in each year, in order to hold it; and, in default of such work being done, authorizes the claim to be relocated by other parties, provided the first locator has not resumed work upon it. *Jupiter Min. Co.* v. *Bodie Min. Co.*, 11 Fed. Rep. 666; 4 Morrison's Min. Rep. 429; *North Noonday Min. Co.* v. *Orient Min. Co.*, 9 Mor. 542; *Pharis* v. *Muldoon* (Cal.), 17 Pac. 70. In "adverse claim" the fact that one of the original owners conspired with the person who relocated the property as an abandoned lode, to make default in the assessment work, is immaterial when, as a matter of fact, the

annual work was not done. *Doherty* v. *Morris* (Colo.), 16 Pac. 911.

The acquisition of title to a mining claim is conditional upon discovery and location, and the condition upon which title thereto may be held until patent is issued is the performance of the annual development work. *Johnson* v. *Young, supra.* The forfeiture declared by the statute is absolute and the original locator will not be heard in a question of the validity of relocation. *Little Pauline* v. *Leadville Lode,* 7 L. D. 506. So, after a forfeiture incurred, the original locator can not put himself in a position to maintain ejectment, except by actually resuming work before entry by a person seeking to relocate for the forfeiture, and an ouster by such person. *Slavonian Min. Co.* v. *Perasick,* 7 Fed. Rep. 337. To "resume work," within the meaning of § 2324, R. S. U. S., is to actually begin work anew with a *bona fide* intention of prosecuting it as required by said section. *McCormick* v. *Baldwin* (Cal.), 37 Pac. 903; *Honaker* v. *Martin, supra; Jupiter Mining Co.* v. *Bodie Min. Co., supra; North Noonday Co.* v. *Orient Co., supra; Patterson* v. *Tarbell* (Or.), 37 Pac. 77. Merely posting a notice on a quartz ledge, claiming a certain number of feet along the ledge in both directions from the notice, is not a valid location of a mining claim within the meaning of the act of Congress. The claim must be marked by visible monuments or marks, by which the boundaries can be readily traced. *Newbill* v. *Thurston,* 65 Cal. 419. The marking of the boundaries is a necessary part of the location. *Pharis* v. *Muldoon* (Cal.), 17 Pac. 70. "The discoverer of a lode or vein of rock in place, bearing precious metals, in the absence of some local rule of miners or legislative regulations allowing some time for exploration, must immediately locate his claims by distinctly marking the same on the ground so

that its boundaries can be readily ascertained in order to hold it against a subsequent valid location peaceably made." *Patterson* v. *Tarbell, supra.*

*Mr. S. R: Thurman, Messrs. Williams, Van Cott & Sutherland,* for respondent.

*First.* Durkee having failed to do the assessment work in 1886, the claim reverted to the government domain, subject to relocation, the same as if no location had ever been made. Durkee then, like other citizens of the United States, had an equal right to relocate the claim on Jan. 1, 1887. He incurred the hazard of the superior diligence of some other person, but being the first to relocate on Jan. 1, 1887, his location is valid. The argument of the appellant is that a mining claim which is open to relocation the same as if no location had ever been made, is open to relocation the same as if no location had ever been made. It may be that counsel have concealed in this seeming paradox some profound truth, but if so, it is effectually, if only temporarily, withdrawn from finite comprehension. If the claim is open to relocation the same is if no location had ever been made, it is difficult to understand why the original owner did not have the right himself to relocate it. In *Hunt* v. *Patchin,* 35 Fed. Rep. 816, the right of the former owner to relocate after allowing his original location to lapse by not performing the annual assessment work is clearly recognized.

*Second.* The boundaries were sufficiently marked. All the statute requires is that the location shall be so marked that the boundaries can be traced. The discovery point was clearly marked, as was also three of the corners, and also stakes set in the middle of each end line, together with the length and breadth of the claim. With this description, the boundaries could readily be traced. *Eilers*

v. *Boatman,* 3 Utah, 159; *Jupiter Min. Co.* v. *Bodie Min. Co.,* 11 Fed. Rep. 666; *Gleesen* v. *Martin White Min. Co.,* 13 Nev. 442; *North Noonday Min. Co.* v. *Orient,* 1 Fed. Rep. 522, 533. But in any event, it was a question of fact for the court below sitting in place of a jury to determine whether or not the marking was such that the boundaries could be readily traced. *DuPratt* v. *James,* 65 Cal. 555; *Taylor* v. *Middleton,* 67 Cal. 656; *Anderson* v. *Black,* 70 Cal. 226, 230.

### APPELLANT'S REPLY BRIEF.

Under the law, if the annual expenditure is not made, a mining claim is open to relocation in the same manner as if no location of the same had ever been made; provided, that the original locators, etc., have not resumed work upon the claim after failure and before such location. It is not open to relocation the same as if no location had ever been made, but only in the same manner, viz., discovery of vein, and proper location. How could the old owner make a new discovery of the same vein he has neglected to work? The law never intended that an original locator, or owner, should have both the right of resuming work and the right of relocating the same claim.

The express mention in the statute that the owner has a right to resume work before relocation implies the exclusion of his right to a relocation of the same claim, and this upon the plain legal maxim, *"Expressio unius est exclusio alterius."*

SMITH, J.:

Without going into a statement of the facts, we may say that the record presents two questions for our determination on this appeal, and no more. They are: *First.* Can the locator of a quartz mining claim, who has allowed his location to lapse by a failure to perform the necessary

work, make a relocation, or new location, covering the same ground? *Second.* Does the evidence show that the location made by Miles Durkee on January 1, 1887, was sufficiently marked upon the ground to render it a valid location? Jaintiff claims under a location made January 17, 1887.

The first question arises wholly upon the construction of section 2324, Rev. St. U. S. This section, after providing that a certain amount of work shall be performed annually upon each mining location, provides: "Upon a failure to comply with the foregoing conditions of annual expenditure the claim or mine upon which such failure occurred, shall be open to relocation in the same manner as if no location of the same had ever been made; *provided,* that the original locators, their heirs, assigns, or legal representatives, have not resumed work upon the claim after failure and before such location."

We have been referred to no decision of any court that has decided the question here presented. The right of a locator to make a new location upon mining ground, after his first location has lapsed, is recognized in the case of *Hunt* v. *Patchin,* 35 Fed. 816; and in Copp, U. S. Min. Laws p. 300, it is declared that a prior locator has such right. See, also, 15 Am. & Eng. Enc. Law, p. 551. We fail to see any reason why such right should be denied. The fact that a prior locator, after his right has lapsed, may renew it by resuming work, would appear to be a favor or right granted to such prior locator, but, to give the proviso above quoted the effect claimed by appellant, would be to deny to such prior locator a substantial right allowed to strangers. In other words, such a construction, while it would allow to a prior locator the right to resume work, would destroy his right to make a new location. We do not think the proviso to the act should be construed to mean anything more than that a prior locator,

in addition to the rights of a stranger, should also have the right to resume work, and thus relieve himself from the forfeiture incurred. This was the view taken by the court below, and we think it correct.

The second question is largely one of fact. There was proof tending to show that on the day that Durkee made his location, to wit, January 1, 1887, he and his assistant in addition to the discovery monument, on which was placed the notice of location, erected a monument or stake at each of the three corners of the claim, and also placed a monument at the center of each end line. At the remaining corner no stake or monument was placed until the 17th of January, 1887, being the day on which plaintiff made the location under which he claims. The court below held that the claim was properly located and marked. So far as there was a conflict in the evidence, we cannot disturb the finding of the trial court. Its opportunities for coming to a correct conclusion were certainly better than ours. Assuming, therefore, that three corners, the center of two end lines, and the point of discovery were appropriately marked, the question arises is such marking, of necessity and as matter of law, insufficient? We think not. The statute is: "The location must be distinctly marked on the ground so that its boundaries can be readily traced." Rev. St. U. S. § 2324. It will be observed that the statute nowhere requires that the boundaries be marked. The requirement is that the location be marked so the boundaries can be traced. We think that where the notice of location gives the length and breadth of the claim from the discovery monument, and three corners are properly marked, and the centers of both end lines are also properly marked, there ought to be no difficulty in tracing the entire boundary, under ordinary circumstances. At any rate there is nothing in this case to indicate that it could not be easily

traced, unless it be inferred from the fact that there was a corner post missing. We are of the opinion that the court below properly concluded that the claim was sufficiently marked. We find no error in the record. The judgment in favor of defendant and the order denying a new trial are affirmed.

MERRITT, C. J., and KING, J., concur.