[No. 2157.   Decided April 8, 1896.]

THE STATE OF WASHINGTON, *on the Relation of O. A.
Curry*, v. JAMES CRAWFORD, *Fish Commissioner*.

FISHERIES — LICENSE.

A license to fish granted by the fish commissioner under Laws
1893, p. 15, cannot be confined to any designated locality but au-
thorizes the licensee to fish anywhere in the waters of the Columbia
River and Puget Sound, over which the state has jurisdiction.

An applicant for a fishing license under Laws 1893, p. 15, is en-
titled to a license for one year, dating from the time of his applica-
tion.

*Original Application for Mandamus.*

*H. A. Fairchild*, and *Black & Leaming*, for relator.

*James A. Haight*, Assistant Attorney General, for respondents.

The opinion of the court was delivered by

SCOTT, J.—The relator seeks to compel the respondent to issue to him a license to fish at a certain designated point in the waters of Puget Sound, for one year from the time of making his application, which was in the month of January last. He contends that under the act, Laws 1893, p. 15, he is entitled to a license to fish at the particular place specified in his application; while the respondent contends that he is not required or authorized to issue such a license, or one other than what is termed a "roving" license authorizing the party obtaining it to fish anywhere in the waters of the Columbia River over which this state has jurisdiction, or in Puget Sound, with the limitation provided by the act that such person shall keep a certain distance from other fishing appliances.

We agree with the contention of the respondent in this respect. The act is too indefinite to be enforced in the way contended for by the relator. If licenses were to be issued to fish at certain designated localities, it would be necessary for the commissioner to have prepared and keep on hand maps showing the locations for which licenses are granted; and also to keep records thereof. The act contains no provisions of this character, and the commissioner could not supply them. Furthermore, if a license was granted to an applicant to fish at a particular locality, and he should not see fit to make use of it, no one else could locate there and fish; while, if a license to fish generally is granted no such result would follow if it was not used.

The conclusion that we have reached herein would result in a denial of the writ, but the parties desire that the court pass upon the question as to whether an applicant is entitled to a license for one year from the date of applying therefor, or whether the law should be interpreted as construed by the fish commissioner who issues all licenses to expire at one time, to wit, on the 31st day of March of each year.

Under the latter construction the relator, having applied for a license in January would be compelled to pay the full annual license fee, and only receive a license to fish until the last day of said month of March. The respondent contends, in support of the construction adopted by him, that it facilitates the transaction of the business of his office, and furthermore, that the fishing season is confined to certain months in the year, and licenses issued on the date fixed by him would cover the whole fishing season, while if issued at any time for one year some of them would expire during the season; and that such a state of affairs was not contemplated by the legislature.

It is conceded that as to the Columbia river there is a fishing season as contended for by the respondent, but not so as to Puget Sound, and it is a well known fact that salmon abound there at all seasons of the year, and fishing for them is not confined to any particular time. We find nothing in the act to warrant the construction placed thereon by the commissioner in this respect, and we think the contention of the relator is the correct one. In the first place, the act provides for but one fee, that is an annual fee of ten dollars, and does not authorize the issuance of a license for any less period than one year, or for any other period. In fact, the term is not clearly specified or provided for, the only requirement being that the

license fee shall be the sum of ten dollars annually. But, in the absence of any other provision, we are of the opinion that this would require licenses to be issued for the period of one year, and for no other or different time; and there being nothing in the act fixing a time when such applications must be made, they may be made at any time. The act also requires that the licenses shall be dated. This throws some light upon the proposition that it was intended that they should continue for a year from the date of issuance. Otherwise, if they were all to expire at a particular time of the year, the date of issuance would have no particular significance, and probably would not have been expressly specified or required.

HOYT, C. J., and DUNBAR, GORDON and ANDERS, JJ., concur.