[No 2104. Decided December 3, 1896.]

HENRY A. JONES, *Respondent* v. ST. PAUL, MINNE-
APOLIS AND MANITOBA RAILWAY COMPANY, *Appel-
lant.*

PLEADING — FAILURE TO STATE CAUSE OF ACTION — WAIVER — PUBLIC
NUISANCE — PRIVATE ACTION FOR SPECIAL INJURY.

Where a complaint fails to state a cause of action, a demurrer on
that ground is not waived by filing an answer, since the objection can
be raised at any stage of the case.

A complaint in an action for damages by reason of the obstruc-
tion of a navigable river, does not state a cause of action, when its
only allegation of damage to plaintiff is that, by reason of the ob-
struction, he was unable to take down the river a steamboat which
he was accustomed to run on the river and was compelled to keep
it tied up for a period of twelve days, since such injury to him was
one common to the entire public.

Appeal from Superior Court, Snohomish County.—
Hon. JOHN C. DENNEY, Judge.   Reversed.

*Burke, Shepard & Woods,* for appellant:

A personal action cannot be maintained for acts
constituting a public nuisance, but the remedy is by
an indictment.   *Long v. Minneapolis,* 63 N. W. 174;
*South Carolina R. R. Co. v. Moore,* 73 Am. Dec. 778;
*Georgetown v. Alexandria Canal Co.,* 12 Pet. 91.

But that which the law authorizes cannot be a
nuisance, such as to give a common law right of
action.   *Rhea v. Newport, etc., R. R. Co.,* 50 Fed. 16;
*Transportation Co. v. Chicago,* 99 U. S. 635; *Heerman v.
Beef Slough Mfg. Co.,* 1 Fed. 145.   And a bridge con-
structed under the authority of congress and of a state
legislature, in the manner authorized by law, is a law-
ful structure, and cannot be held to be a public nui-
sance.   *Miller v. New York,* 10 Fed. 513.

Damages occasioned to indivuals by the obstruction of navigable streams by the building of a bridge, when authorized by the United States, or by a state, are *damnum absque injuria*. *Hamilton v. Vicksburg, etc., R. R. Co.*, 119 U. S. 280; *Central Trust Co. v. Wabash, etc., Ry. Co.*, 32 Fed. 566; *Green, etc., Nav. Co. v. Chesapeake, etc., R. R. Co.*, 10 S. W. 6.

*L. C. Whitney*, and *Colman & Fogarty*, for respondent:

The general rule is that a party may not lawfully obstruct navigation. Obstruction having been proved, it is incumbent on defendant to show that obstruction is lawful. *Cantwell v. Knoxville, etc., R. R. Co.*, 18 S. W. 271. The fact that a bridge over navigable waters has been sanctioned by congress, or by a state within whose limits it is situated, and that it has been built by the person or corporation authorized to build it, does not render it a legal structure, unless as built it conforms to the terms and limitations of the authority. *Pennsylvania Ry. Co. v. Baltimore, etc., Ry. Co.*, 37 Fed. 129; *Missouri River Packet Co. v. Hannibal, etc., R. R. Co.*, 2 Fed. 285; *Rutz v. St. Louis*, 7 Fed. 439; *Hannibal, etc., R. R. Co. v. Missouri River Packet Co.*, 8 Sup. Ct. 874. Add to these the facts that the rights of navigation are paramount to all other rights, and that all unauthorized obstructions of navigation are *prima facie* nuisances, and it must be held that the complaint was good so far as the failure to allege negligence or that the bridge was a nuisance. *Scott v. Chicago*, 1 Biss. 510; *Gates v. Northern Pacific Ry. Co.*, 64 Wis. 64; *Terre Haute Drawbridge Co. v. Halliday*, 4 Ind. 36; *Cobb v. Bennett*, 15 Am. Rep. 752.

It is contended that the obstruction was a public one but even if it was, the plaintiffs showed that they were so situated that they had a special private inter-

est in having it removed.    *Carl v. West Aberdeen Land, etc., Co.,* 13 Wash. 616.

The opinion of the court was delivered by

HOYT, C. J.—It was alleged in the complaint in this action that the defendant, in constructing its bridge across the Snohomish river, so placed its piers that float wood, brought down by a freshet, lodged against them so as to entirely prevent the navigation of the river; that such river was navigable; that by reason of the jam caused by the obstruction, the plaintiff, who was the owner of a steamboat which navigated the river, was unable to take his steamboat down such river and was compelled to keep it tied up for the period of twelve daws, to his damage in the sum of $1,000. After certain motions to make the complaint more definite and certain had been denied, defendant demurred thereto.    Its demurrer was overruled, and the question thus raised is relied upon here as ground for the reversal of the judgment.

If the complaint failed to state a cause of action, the objection raised by the demurrer was not waived by filing an answer to the complaint after such demurrer had been overruled.    Our statute specially authorizes the question of the sufficiency of the complaint to be raised even for the first time in this court.

Did the complaint state a cause of action ?    If the defendant was charged with having done anything that was unlawful, it was that it had obstructed the navigation of the river.    That the obstruction of a navigable river or any other highway, when unlawful, constitutes a public nuisance is beyond question.    To that effect are all the cases.    That the general rule is that a public nuisance must be proceeded against in

the name of the public by indictment or information is conceded. It is also conceded that for a public nuisance an action will not lie at the instance of a private party unless he is specially injured thereby. If the injury which he suffers therefrom is that which is common to the entire public, he cannot maintain an action therefor.

But it is claimed by the respondent that the allegations of his complaint showed that he had been specially damaged. These allegations, however, only showed that he had been damaged by reason of the fact that he could not navigate the river. But the entire public was as fully deprived of that right as was plaintiff. Hence the damage which he had suffered was also suffered by the general public, and the fact, that his steamboat was so situated that the injury flowing from the prevention of navigation was different from that which others might have suffered, did not make the injury special to him. If the obstruction interfered with navigation it injured alike every one who desired to navigate the stream. It might as well be claimed that one who was operating two boats and was therefore incommoded as much again as one who operated but one, was specially injured, as to claim that because the plaintiff's boat was so situated that the damages flowing from its being kept idle were greater than might have been caused to another, made his damages special. The difference in the degree of the injury is not that which determines whether or not it is special. The damages are special only when of a different nature from those suffered by the general public. This being so, the complaint failed to allege facts sufficient to show that the plaintiff was specially damaged by the obstruction. It is true he was prevented from going up and down the

river with his steamboat, but such was the effect of the obstruction upon every one desiring to navigate the stream, and his injury was in common with that of every such person, though its degree, owing to the peculiar business in which he was engaged, might have been different.

To show that the facts stated were not sufficient to entitle plaintiff to recover, we cite : *Small v. Grand Trunk Ry. Co.*, 15 U. C. Q. B. 283; *Cull v. Grand Trunk Ry. Co.*, 10 Grant's Ch. (U. C.) 491; *Blackwell v. Old Colony R. R. Co.*, 122 Mass. 1; *Blood v. Nashua, etc., R. R. Corp.*, 2 Gray, 137 (61 Am. Dec. 444); *Brightman v. Fairhaven*, 7 Gray, 271; *Willard v. Cambridge*, 3 Allen, 574; *Wesson v. Washburn Iron Co.*, 13 Allen, 95 (90 Am. Dec. 181); *Brayton v. Fall River*, 113 Mass. 218 (18 Am. Rep. 470); *Mayor, etc., of Georgetown v. Alexandria Canal Co.*, 12 Pet. 91.

The cases which have held that a private action could be maintained for a public nuisance were based upon facts unlike those alleged in the complaint in this action. In every one which we have examined, with a single exception, the obstruction had not in degree simply, but in kind, affected the plaintiff differently from the general public; and in the excepted case the opinion of the court clearly shows that it held the complaint to be sufficient for the reason that, though it was alleged that the nuisance was a public one, it was also alleged that it had been placed in the stream for the express purpose of injuring the business of the plaintiff. We doubt if a single case can be found which holds that damages of the kind sued for in this action can be recovered against one who is maintaining a public nuisance. At least, the great weight of authority establishes a contrary doctrine.

The judgment will be reversed and the cause remanded with instructions to dismiss.

DUNBAR, ANDERS and GORDON, JJ., concur.