[No 2495. Decided January 22, 1897.]

DANIEL MORRIS, *Respondent*, v. FRED GRAHAM *et al.*,
*Appellants.*

PUBLIC NUISANCE — ACTION BY PRIVATE INDIVIDUAL TO RESTRAIN —
RIGHT OF FISHERY — LICENSE.

A private individual may properly maintain an action in behalf
of himself and others similarly situated to enjoin the construction
and maintenance of a fish trap in a river, when such trap, although
constituting a public nuisance, at the same time causes special
damages to plaintiff and others in the same class in the pursuit of
their business as drift or gill net fishermen.

The right of fishery is common to all citizens of the state, and par-
ties cannot be permitted to obtain the sole benefit in any locality by
the construction and operation of a trap or pound net, which would
practically exclude others from fishing in the same waters.

A license to fish granted by the state fish commissioner under
Laws 1893, p. 15, constitutes a roving license, and cannot be con-
strued as authority for the maintenance of a trap at any designated
point.

Appeal from Superior Court, Skagit County.—Hon.
HENRY MCBRIDE, Judge.   Affirmed.

*A. M. Moore*, for appellants.

*M. P. Hurd*, for respondent.

The opinion of the court was delivered by

GORDON, J.—Respondent, on behalf of himself and
others similarly situated, instituted this action in the
superior court of Skagit county to enjoin and restrain
the appellants from erecting a fish trap or pound net
in the channel of the North Fork of the Skagit River,
where the same empties into the waters of Puget
Sound.   Issue of fact was joined and the cause pro-
ceeded to trial.   Upon findings and conclusions en-
tered, the lower court rendered a decree perpetually

enjoining and restraining the appellants from making or constructing said trap. The appeal is from said decree.

It is urged in the brief of appellants' counsel that the respondent has no such interest in the subject matter of litigation as enables him to maintain the action; that the stream in question is a navigable stream, and the acts threatened by appellants would constitute a public nuisance, if unlawful at all, and that such nuisance cannot be abated through a private person, but that the suit should have been instituted on the relation of the attorney general.

It appears from the findings (which are amply supported by competent evidence), that to construct said fish trap or pound net it would be necessary to drive into the bed of the channel, piles or stakes at intervals of about ten feet, to which the appliances of the trap might be attached; that the pound proposed to be erected would be in dimensions about forty feet square; that the channel in which appellants proposed to erect said trap is the only channel leading from said stream into the waters of Puget Sound; that it has for years been open to the common use of the public and of the respondent and his fellow fishermen plying their vocations with drift nets or gill nets for the purpose of catching salmon. It further appears that said fishermen had kept the channel and ground in said vicinity clear and free of logs and sticks, to enable them to carry on their business; that the fishing grounds extended into the waters of the Sound for a distance of about three-fourths of a mile, and the principal run of salmon is through the channel in which appellants desire to construct their trap; that the width of the channel at extreme low water mark is only about forty-five feet; that the trap, if con-

structed, would render it impossible to drift nets through the channel on either side of the trap, and that the plaintiff and the other fishermen in whose behalf the suit is brought would be deprived of the common right of fishing in the waters in that vicinity.

In this connection it should be stated that there was no demurrer or other motion addressed to the complaint, and we think that it is sufficient to support the findings and decree as against any objection made to it after issue of fact was joined.

The objection that the suit should have been brought upon the relation of the attorney general, and that the respondent has no such interest as would enable him to maintain the action, is not well taken. He brings it on behalf of himself and others whose rights are similarly affected. It is brought in behalf of a class and the injury complained of is not common to the general public, but peculiarly affects the respondent and those in the class to which he belongs. The acts complained of constitute a damage and special injury to him in which the general public do not share. The fact that others would suffer in the same way, if they were similarly engaged, constitutes no bar to the maintenance of the present action. As is aptly said by Mr. Justice BEATTY, in *Spokane Mill Co. v. Post*, 50 Fed. 429 :

"If what others might suffer under the same circumstances were made the rule, then in no case could it be said individuals ever suffer special damages from a public nuisance."

In *Lansing v. Smith*, 4 Wend. 9 (21 Am. Dec. 89), Chancellor WALWORTH says :

" Every individual who receives actual damage from a nuisance may maintain a private suit for his own

injury, although there may be many others in the same situation."

· See, also, *Skinner v. Hettrick*, 73 N. C. 53.

It is further objected that the complaint does not show that the respondent is a citizen of the state and entitled to fish in its navigable waters. The complaint alleges that he has been engaged in the business of fishing at the point in question for upwards of a year prior to instituting the action. This, in connection with the other allegation, was sufficient as against the objection so unseasonably made. To permit the construction and operation of this trap would afford the appellants the sole right to fish at the point in the navigable water already referred to. The right which they seek to exercise for their exclusive benefit is a right common to all of the citizens of the state, in the absence of express prohibitory legislation.

Another contention of appellants is that they are entitled to construct and operate the trap by virtue of a license to fish granted to them by the State Fish Commissioner pursuant to the act of February 10, 1893 (Laws 1893, p. 15). In *State, ex rel. Curry, v. Crawford*, 14 Wash. 373 (44 Pac. 876), we decided adversely to this contention of appellants, holding that the legislative act did not contemplate a license to fish at any designated point, but only what is termed a "roving" license.

We have examined the several objections raised in the able brief of appellants' counsel, but are unable to conclude that any error was committed by the lower court calling for a reversal of the decree, and it is affirmed.

SCOTT, C. J., and ANDERS, DUNBAR and REAVIS, JJ., concur.