[No. 3463.  Decided March 7, 1901.]

WILLIAM LEGOE, *Respondent,* v. CHICAGO FISHING COMPANY, *Appellant.*

24   175
124  584

FISHERIES — FISHING SITE — ABANDONMENT — RIGHT OF RE-LOCATION.

Laws 1897, p. 218, § 7, which provides that, if the holder of a fishing license, who has indicated a location for his trap or pound net by driving piles and posting his license number, "fails to construct his appliance during the fishing season covered by his license, such location shall be deemed abandoned," does not preclude one who has abandoned a fishing site from re-locating thereon for the next fishing season, when no other person has acquired a prior claim thereto between the time of his abandonment and his re-location.

SAME — PRIORITIES.

Under Laws 1897, p. 218, § 7, which provides "that any person or corporation, after having obtained a license as provided for in this act, shall indicate locations for traps or pound nets made under such license, by driving at least three substantial piles thereon, which must extend at least ten feet above the surface of the water at high tide, one of said piles to be driven at each end of the location claimed, and upon said terminal piles there must be posted the license number," the plaintiff, who on the afternoon of March 16th placed temporary poles on the beach

while the tide was out and posted his license number thereon, and three days later drove substantial piles farther out, did not thereby acquire a superior right over defendant, who, on the evening of March 16th, posted its license number on its own piles already on the site, when the defendant had on the morning of that day been engaged at the site in making tests of the course of the tides by means of lines and floats, preparatory to fixing a pound net at that place,—the acts of the defendant thus being as effective as those of the plaintiff to indicate an intention to make a fishing location on the site, and the defendant being actually first in time to indicate its intention and also to literally comply with the statute.

SAME — INDICATING LOCATION — STATUTORY REQUIREMENTS.

The act of a locator of a fishing site in posting its license number upon its own piles, driven upon the site in prior years, constitutes a literal compliance with the requirement of the statute that locations for pound nets shall be indicated "by driving at least three substantial piles thereon," and posting the license number upon the terminal piles, since the statute does not require the act of driving the piles and the act of posting notices thereon to be concurrent.

Appeal from Superior Court, Whatcom County.—Hon. HIRAM E. HADLEY, Judge. Reversed.

*Kerr & McCord,* for appellant.

*Dorr & Hadley,* for respondent.

The opinion of the court was delivered by

FULLERTON, J.—The parties hereto are rival claimants to a fishing location situate in the waters of Puget Sound off the west side of Lummi Island, at a place known as "Legoe's Point." The place in controversy was first located by the appellant in 1895, and from that time down to and including the 15th day of March, 1898, it maintained piles upon the location, driven to mark the site, and kept posted thereon the numbers of its fishing licenses issued to it by the fish commissioner of the state of Washington, pursuant to the act of February 10, 1893 (Session

Laws 1893, p. 15). On March 2, 1898, the appellant procured a license under the act of March 16, 1897 (Session Laws 1897, p. 214), and on the morning of the 16th of March, 1898, its manager and certain of its employees were at the site, engaged by means of lines and cork buoys or floats in making tests to ascertain the direction of the tides, preparatory to driving a trap known as a "pound net," leaving at noon of that day. On the evening of the same day they returned and posted the new license number on piles that had been driven on the site the year before. Between the time the appellant's employees left at noon and their return on the evening of the same day the respondent went to the location, and by digging holes in the sand with a shovel set three piles or stakes on a line pointing from the shore towards deep water. The pole nearest the shore was set near the line of high water mark, the second about twenty-five feet distant therefrom, and the third some twenty-five feet distant from the second; all of them being above the line of low tide. On the terminal poles he posted his license number. Subsequently, on the 19th of the same month, the respondent went upon the location with a pile driver and drove three piles extending from below the line of low tide towards deep water, posting his license number on the terminal piles so driven, making a valid location, if the site was open to location at that time. Subsequently the appellant undertook to drive a trap on the site, and this action was brought to determine the priority of the respective rights of the parties.

Neither the act of 1893 nor that of 1897 authorized the fish commissioner to issue a license to fish at any designated locality. The license authorized was what is termed a "roving license." It granted to the holder a general right to construct a trap at any place in the waters of the

state not expressly prohibited, and the priority of the right of a license holder to fish at a designated locality was left to be determined by priority of occupation; that is, the superior right belonged to him who first indicated, in the manner pointed out by the statute, his intention to construct a trap at the particular place. Under the law of 1893 this intention had to be indicated by the construction of a trap, while under the law of 1897 such intent could be indicated by "driving three substantial piles thereon, which must extend not less than ten feet above the surface of the water at high tide, one of said piles to be driven at each end of the location claimed, and upon said terminal piles" posting his license number. Neither of the acts provided for the renewal of a license, nor did either of them grant to the holder of a license who had constructed a fishing appliance at a particular place a preference right to relocate the same site for the coming fishing season. The evident intent of the legislature in passing the acts in question was to grant to the license holder an exclusive right to the particular site where he constructed, or indicated his intention to construct, the fixed appliance authorized, for a limited time only, extending at most not longer than the date of the expiration of the license, leaving the site open to be taken by the first comer after the expiration of the period. The site in controversy was, therefore, even if it be conceded that the appellant had a valid location up to midnight of March 15, 1898, open to location on the 16th day of that month by any person holding a license, and having the qualifications prescribed by the statutes.

It is the respondent's contention that the appellant was disqualified from relocating the site because it had a valid location thereon during the fishing season of 1897, and had failed to construct its appliance during that season.

This contention is based upon the statute of 1897, which provides that (§ 7) "if the locator [that is, the person who has indicated his location by driving piles and posting his license number thereon] fails to construct his appliance during the fishing season covered by his license, such location shall be ·deemed abandoned"; and the argument is that an abandonment of a location by a locator disqualifies and precludes him from relocating the same site, even though he may be otherwise qualified and be the possessor of a live license issued by the fish commissioner. We cannot think that this clause of the statute was intended to have the effect contended for. The act was general, and applied to all the public waters over which the state had jurisdiction. In some of these waters at least, if not in all of them, there is a regular fishing season, confined to certain months of the year, which, while varying slightly with the different years, recurs with substantial regularity. The license authorized by the act ran for one year. It was issued at and bore date from the time application was made for it, regardless of the actual fishing season. It would seem from this that the legislature intended by the clause of the statute in question to fix the· end of the actual fishing season, instead of the date of the expiration of the license, as the limit of time for which an indicated location could be held without the construction of a fishing appliance. But, whatever may be the true construction of the statute, the courts should be slow to give it a meaning which would forever bar one citizen from fishing at a particular place, while leaving it open to others. The right to fish in the public waters, in the absence of express prohibitory legislation, is a right common to all of the citizens of the state; and while the legislature has ample power to regulate the right, or grant it to one to the exclusion of others, for a limited time at least,

the statute expressing such intent must have the directness and certainty of a penal statute, or at least not be capable of a different construction, before it will be given that effect.

In support of his position, the respondent calls our attention to the federal statute relating to the location of mining claims, and to the reasoning of Mr. Lindley and Mr. Morrison, wherein they contend that a locator of a mining claim who fails to do the assessment work required by the statute is barred from relocating the same claim as a new location. Lindley, Mines, § 405; Morrison, Mining Rights, 94 (9th ed.). A careful examination of their arguments, however, has failed to convince us of the correctness of the conclusions reached. It seems to us that the better reasoning is with the case of *Warnock v. DeWitt*, 11 Utah, 324 (40 Pac. 205), where it is held that the failure to do the assessment work within the required time does not bar the right of the original locator to make a new location on the same ground after it has reverted to the public.

It is not seriously contended that the respondent, by implanting the poles on the beach and posting his license number thereon on the afternoon of March 16th, perfected a valid fishing location under the statute. The claim is that these acts were sufficient to give notice of an intent to locate the particular site, and entitled the respondent to a reasonable time thereafter to perfect his location, which he did by driving piles, and posting his license number thereon, on the 19th of the same month. Had the respondent been first in time on the ground on the 16th of March, there would be much force to his contention, and we would be inclined to hold his right superior to a subsequent locator, even though such subsequent locator had made a literal compliance with the statute between

the time he was first there and the time he perfected his location. But .he was not the first in time. During the morning of the 16th, the appellant, by its officers and employees, was there, making tests of the course of the tides; acts as effective to indicate its intent to making a fishing location on the site as were the acts of the respondent. The priority of the right to the site therefore must be determined from the effect of the act of the appellant on the evening of March 16th, when it sought to perfect its location by posting its license number on piles then standing on the site, driven by it during the preceding year. It is said that this was insufficient to perfect a location; that, inasmuch as the statute prescribes that a location shall be indicated by *driving* piles, and posting thereon the license number, it is not a compliance with the statute to post the license number on piles theretofore driven; in other words, that the acts of driving and posting most be concurrent in point of time. We think this a too narrow construction of the statute. It is not denied that the piles on which the license was posted were substantial, and extended the proper distance above the surface of the water at high tide, nor can it be denied that they were the property of the appellant. Being its property, the appellant had the right to their use for any purpose. It could thus lawfully use them to indicate a fishing location; and had it drawn them from the places where they were standing and then driven them in the same places and posted its license number on the terminals thereof, it would have been, even under the respondent's contention, a valid indication of a fishing location. But such an act would have been useless, and the law rarely requires useless things to be done. More than this, the statute does not in terms require that the act of driving the piles and the act of posting the notices thereon shall be concurrent, and,

if it be a literal compliance with the statute that is required, the appellant, by driving piles at one time and posting its notice at another, made such literal compliance.

The conclusions we have reached render it unnecessary to discuss other questions suggested by the record. The judgment of the lower court is therefore reversed, and the cause is remanded with instructions to enter judgment for the appellant.

REAVIS, C. J., and DUNBAR and ANDERS, JJ., concur.