[No. 20561. Department One. August 22, 1927.]

## REUBEN OLSEN, *Appellant,* v. STUART DAVIS, *Respondent.*[1]

[1] FISH (10)—FISHING LOCATIONS — RIGHTS ACQUIRED — ABANDONMENT. A fishing location was not abandoned, under Rem. Comp. Stat., § 5683, providing that a fishing location is abandoned by the owner's neglect to construct his appliances "for two consecutive seasons," where the license, dated July 3, 1925, was renewed April 1, 1926, and a fish trap constructed by the middle of August, 1926; in view of various statutory enactments referring to the fishing season as beginning April 1st; the "fishing season" being co-extensive with the license year.

Appeal from a judgment of the superior court for Pacific county, Hewen, J., entered January 29, 1927, dismissing an action for an injunction, upon sustaining a demurrer to the complaint. Affirmed.

*Welsh & Welsh,* for appellant.

*Frank L. Walters* and *Kerr, McCord & Ivey,* for respondent.

FRENCH, J.—Respondent, on July 3, 1925, was issued a fishing license, No. 4433, permitting him to take salmon from the Columbia river by means of a fish

[1]Reported in 258 Pac. 838.

trap or pound net. Thereafter, and on November 4, 1925, he filed a map showing the location involved in this case in the office of the county auditor of Pacific county, and a few days thereafter filed a copy thereof in the office of the supervisor of fisheries of the state of Washington. This license was renewed by respondent on the first day of April, 1926; and in the middle of August of that year, and before August 25, 1926, respondent constructed his fish trap on the location selected by him. On June 25, 1926, appellant was issued license No. 4654, permitting him to fish the waters of the Columbia river and on July 6, 1926, he filed his location maps, also covering the ground in question, and thereafter commenced this action to secure the location from respondent and to enjoin respondent from fishing the same. All these facts appear in the complaint to which a demurrer was sustained, and appellant electing to stand on his complaint, judgment was entered dismissing the action. This appeal follows.

[1] Section 5683, Rem. Comp. Stat. [P. C. § 2440], provides:

"Should the locater or owner neglect to construct his appliances for two consecutive fishing seasons covered by this license, said location shall be deemed abandoned."

The sole question for determination in this case is the meaning of the term "two consecutive fishing seasons," as the same is used in the above quoted portion of the statute, and as applied to Columbia river fishing. Respondent, having a license dated July 3, 1925; having renewed the same April 1, 1926; having prepared and filed location maps in November, 1925, was he within the time limit in constructing his fish trap "the middle of August, 1926."

We have examined the fishing Laws, beginning with the act of 1881, § 1171. The Laws of 1893, page 17, provide:

"The fishing season on the Columbia river commencing in April, an emergency is declared to exist, therefore this act shall take effect and be in force from and after its approval by the Governor."

The Laws of 1895, page 150, again refer to the fishing season beginning in April, and there are numerous expressions, in the various later enactments on the subject, always using the words "fishing season," the term being used in the singular. We have also examined the prior decisions of this court, beginning with *State ex rel. Curry v. Crawford,* 14 Wash. 373, 44 Pac. 876; *Legoe v. Chicago Fishing Co.,* 24 Wash. 175, 64 Pac. 171; *Womer v. O'Brien,* 37 Wash. 9, 79 Pac. 474; *Vail v. McGuire,* 50 Wash. 187, 96 Pac. 1042; *Gorman & Co. v. Andrews,* 59 Wash. 394, 109 Pac. 1033; *Davis v. Olsen,* 128 Wash. 393, 222 Pac. 891, and other cases, and we can arrive at but one conclusion, namely, that the term "fishing season," as used in the various legislative enactments, and as interpreted by the court, in so far as the same is applicable to the Columbia river, is identical and coextensive with the license year; that there is but one fishing season during the year covered by the license. Having reached this conclusion, it necessarily follows that the site in controversy had not been abandoned by respondent at the time of appellant's attempted location, and was therefore not open ground.

Judgment affirmed.

MACKINTOSH, C. J., FULLERTON, MAIN, and MITCHELL, JJ., concur.