[No. 3940. Decided January 7, 1902.]

RICHARD KNOWLES, *Appellant,* v. D. B. ROGERS *et al., Respondents.*

TRIAL BY COURT — FINDINGS UNNECESSARY IN EQUITABLE ACTIONS.

Although an action may have been brought as a law action and a question of fact proper for a jury raised by a general denial in the answer, yet where an equitable defense was interposed and the action was tried by the court as an equitable one, findings of fact, as prescribed by Bal. Code, § 5029, were unnecessary, as the statute has application only to actions at law tried by the court without a jury.

PAROL EVIDENCE—VARIATION OF WRITTEN CONTRACT.

Where a contract itself is not in writing, the fact that written instruments are executed to carry out its terms, but upon collateral matters and without showing the terms of the principal agreement, would not render parol evidence inadmissible for the purpose of establishing the principal contract.

JUDICIAL SALE — FRAUD ON PART OF JUDGMENT CREDITOR.

Where a judgment creditor after a sale on execution of his debtor's land agrees with the latter to stop all court proceedings and accept a settlement which will leave his debtor the land in controversy, and after such settlement, without the debtor's knowledge, procures a confirmation by the court of the execution sale, the title so acquired is fraudulent and void.

Appeal from Superior Court, Walla Walla County.— Hon. THOMAS H. BRENTS, Judge. Affirmed.

*B. L. & J. L. Sharpstein,* for appellant.

*George T. Thompson,* for respondent.

The opinion of the court was delivered by

MOUNT, J.—This action was brought by appellant against respondents to recover possession of the following described real estate situated in Walla Walla county, viz., the southwest quarter of section 24, township 10 north, of range 35 east, W. M. Appellant alleged in his complaint that he was the owner in fee, and, after demand, respondents refused to surrender possession of the said property, and also that he acquired the title to the said property from the respondent D. B. Rogers by sale under execution upon judgments against respondents. The respondents T. A. Rogers and Louisa Rogers appeared in the action together, and filed a general denial. Respondent D. B. Rogers appeared separately, and, after a general denial, alleged substantially that the judgment under which the property was sold to appellant was fully paid prior to the issuance of appellant's deed, and that the deed was therefore void. The trial proceeded for some time upon these issues, when respondent D. B. Rogers obtained leave of the court to file an amended answer, which alleged, in substance, that on April 5, 1898, appellant and respondent had an accounting and settlement of the judgment under which sale of the land in question had been made, and that appellant then and there agreed to satisfy the said judgment, and return the promissory notes upon which the judgment was based; that the respondent performed his part of the agreement, by delivering deeds to appellant for certain real property, and bill of sale of certain personal property in satisfaction of the judgments, and that respondent at said time did not know that a sale of the lands in question had been made

under the said judgment; that, after respondent had fully paid said judgment, appellant, fraudulently and in violation of his agreement, thereafter procured the sheriff of Walla Walla county to execute to him a deed of the said property. Respondent prayed for an order of the court cancelling the said sheriff's deed, and decreeing respondent to be the owner of the premises. Appellant replied, denying, in substance, that there was any settlement which related to the real estate in question, but admitted that a settlement was had which satisfied the judgment for deficiency after a credit had been allowed for the sale of the land in question, and not otherwise. The case was tried by the court without a jury, and the court entered a decree reciting that the respondent D. B. Rogers is the equitable owner of the lands in question, and that the other respondents have no right, title, or interest therein; that appellant holds the legal title, which was acquired by him wrongfully and fraudulently; that he holds the same in trust for respondent; and ordered that the complaint be dismissed; "that the respondent D. B. Rogers be, and he is, declared to be the equitable owner," and directed a conveyance to be made by appellant to said respondent. From that judgment this appeal is prosecuted.

At the trial the facts developed were substantially as follows: Appellant held two deficiency judgments against respondents in the superior court of Columbia county, the aggregate amounting to $948.68. Executions were issued on these judgments and forwarded to the sheriff of Walla Walla county. On February 16, 1898, these executions were levied on the lands in question and an adjoining tract in Walla Walla county. These lands were thereafter sold at sheriff's sale, and purchased by appellant, and a sheriff's certificate of sale issued to him therefor. The

amount realized upon this sale was credited upon the judgment; there was still a deficiency of some $758.50. On March 31, 1898, another execution was issued thereon, and levied upon the personal property of the respondent in Walla Walla county. Respondent, on April 5, 1898, having no knowledge of the sale of the real estate named, or of any other deficiency than the first one named, made a proposition of settlement to appellant, and settlement was agreed upon. Respondent, in accordance therewith, and in settlement of the judgment, deeded to appellant two quarter sections of land, one of these quarter sections being one of the tracts sold under the execution of February 16, 1898; and, in addition thereto, respondent made a bill of sale of personal property, a part of which was a growing crop of grain upon the lands in question. At the time of settlement, appellant led respondent to believe that the lands in question were by the settlement left to him free from any claims of appellant thereto. Respondent so understood, and acted with such understanding. When the settlement was made, and in accordance therewith, respondent made, executed, and delivered to appellant a deed of certain lands not in dispute, and also a bill of sale conveying certain personal property to appellant. Appellant executed a release of the Columbia county judgments, and an agreement was entered into, which agreement provided that respondent should deliver the personal property named in the bill of sale within fifteen days. These three last named instruments were placed in escrow. The release of the judgment was to be delivered to respondent upon the delivery of the personal property within the time named. The personal property described in the bill of sale was delivered to appellant, but the satisfaction of judgment was never delivered to respondent. The contract, bill of sale,

and satisfaction entered into in writing by the parties at the time of the agreement do not show which deficiency judgment was intended, and make no mention of the transfers of real estate. Thereafter the superior court of Columbia county, upon motion of appellant, in the cases of appellant against respondents pending therein, confirmed the sale of the lands in question made on the 16th day of February, 1898, and on April 7, 1899, the sheriff of Walla Walla county made a deed thereof to appellant. Thereafter appellant brought this action. No specific separate findings of fact were made by the court.

It is argued by appellant in this court: First, that this is a law action, and that findings of fact by the court were necessary, under § 5029, Bal. Code; *Bard v. Kleeb,* 1 Wash. 370 (25 Pac. 467); and *Sadler v. Niesz,* 5 Wash. 182 (31 Pac. 630, 1030). It is true, the action was brought as a law action, and that there was a general denial in the answer which raised questions of fact proper for a jury. There appears to have been no demand for a jury, but the parties seem, without objection, to have submitted the cause to the court for trial without a jury. There was also an equitable defense interposed, and the cause was tried solely upon this defense. There was no attempt to dispute the record title to the land, or that the legal title of record was in the appellant. The whole controversy was tried upon the amended answer and reply. The court seems to have heard all the evidence relating to the transaction, and to have considered the reply amended to conform to the proof, and determined that the appellant had, in fraud of respondent's rights, obtained title to the land, and adjudged appellant's title to be held in trust for respondent. As tried, the action was purely equitable. This court has repeatedly held that § 5029, Bal. Code, has no

application to equitable actions. *Wintermute v. Carner,* 8 Wash. 585 (36 Pac. 490).

2.   Appellant alleges as error, that the court permitted oral evidence to vary the terms of a written contract. We do not think this was the effect of the oral evidence offered. The agreement of settlement does not appear to have been in writing. It is true, there were three written instruments, viz., a bill of sale by respondents, conveying certain personal property to appellant; a release of certain judgments, executed by appellant, describing the Columbia county judgments, and reciting, "this release being only of the deficiency judgments obtained in said two cases," but not reciting whether the deficiency was the original amount or the amount of the judgment after the application of the proceeds of the Walla Walla county sale of real estate; and a certain written agreement signed by both parties, wherein the fact was recited that the bill of sale and release named above had been executed and placed in escrow, to be delivered to respondents upon respondents delivering the property named in the bill of sale within the time therein stipulated. There is nothing in these papers which purports to state the terms of the settlement, or the consideration thereof. These papers, upon their face, make no reference to the principal agreement, and show that they are all collateral matters which were necessary to carry out the terms of the contract. They do not show the contract itself, but indicate there was a contract. It was, therefore, not error of the court to receive oral evidence of what the agreement was, because the agreement itself was oral.

3.   Appellant next contends that the evidence shows no fraud on his part, and that the record shows the legal title in him, and there is no defense to defeat this title. These last assignments of error depend upon the facts. The evi-

dence clearly shows that respondent had no actual notice of the sale of his land at the time of the settlement; but assuming that he had notice, by reason of the record in the clerk's office in Columbia county, he also knew that the sale had not been confirmed, and that until such confirmation no deed could be made. Until then the legal title remained in the respondent. *Hays v. Merchants' Bank,* 10 Wash. 573 (39 Pac. 98); *Hays v. Merchants' National Bank,* 14 Wash. 192 (44 Pac. 137).

At the time of the settlement on April 5, 1898, other proceedings were, therefore, necessary before the title to the lands passed to appellant. The evidence clearly shows that appellant and respondent agreed that all court proceedings should stop at the time of the agreement, and that appellant should satisfy the judgments and deliver all papers to respondent. In answer to the question, "How has the land been treated since the agreement?" respondent answered, "It has been treated as mine. It has been in my possession all the time,—this northwest quarter of section 24. It is in the south side of the field. There is no division fence between the north and south half. We had a surveyor run a line between, and he agreed to put up his part of the fence at any time. We had always treated it as mine. I did all his heading of this grain that I gave to him, and he treated it all the time as my land. He said all the time that I had about as good a half as he had, referring to that half in the south side of the field; and his half was in the north side of the field." T. A. Rogers, Louisa Rogers, George L. McGhee and J. H. Snyder each testified to having had conversations with appellant after the time of this settlement, and that appellant said to each of these persons, substantially, that respondent had paid his debt and had the land in controversy left; that it was

the best land; and that he should be a happy man. This evidence shows that after the settlement the lands were treated by the parties as the lands of the respondent. When the appellant, after the settlement, without the notice or knowledge of respondent, took further steps in the action which had been settled, and thereby obtained the legal title to the lands, this course was certainly contrary to what appellant, both by his conduct and statements, had led respondent to believe would be taken, and was in fraud of respondent's rights. Under these circumstances, the decree of the court was proper, and in accordance with the facts shown at the trial, and is therefore affirmed.

REAVIS, C. J., and DUNBAR, HADLEY, FULLERTON, ANDERS and WHITE, JJ., concur.