[No 4312. Decided December 8, 1902.]

WHITE CREST CANNING COMPANY, *Appellant*, v. E. A. SIMS *et al., Respondents.*

TRIAL — FINDINGS OF FACT — EQUITABLE ACTIONS.

The statute requiring the court to file findings of fact is inapplicable to actions of equitable cognizance.

SAME — SIGNING JUDGMENT — NOTICE.

·The trial court may properly ·sign its judgment on the day of rendition, without any necessity of notice thereof being given to the losing party.

FISHING — LOCATION OF TRAPS — VALIDITY.

Where the location of a fishing trap was invalid by reason of the site being occupied by a prior locator, such invalid location could not ripen into a valid location at the expiration of the prior locator's fishing license under which he fished that site.

SAME.

Where an attempted location of a fishing site is invalid as against original locators thereon it cannot be valid as against anybody else.

SAME — ABANDONMENT — SUFFICIENCY OF EVIDENCE.

In an action to enjoin defendants from operating a fishing trap upon a certain location claimed by plaintiff as a prior locator, a finding that such location had been abandoned was warranted, where it appeared that the site was located in March by plaintiff's assignors by driving piles and posting thereon the number of the locator's license; that nothing more was done by the locators thereon, nor their license even recorded; that in the latter part of September of the same year, defendants located the same site and at that time found no posts or piles on the site to indicate that it was held by other locators.

Appeal from Superior Court, Island County.—Hon. GEORGE C. HATCH, Judge. Affirmed.

*Thomas Smith* and *Kerr & McCord,* for appellant.

*A. W. Buddress,* for respondents.

The opinion of the court was delivered by

DUNBAR, J.—This is an action brought by the plaintiff (appellant) against the defendants (respondents) to enjoin them from infringing upon a certain fishing location claimed by the plaintiff. Plaintiff alleged that it was the owner of said fishing location by virtue of a strict compliance with the laws of fishing locations, and that the defendants, without right and in violation of law, had infringed upon and taken possession of said location and excluded the plaintiff therefrom; that the plaintiff's location was established on the 7th of March, 1901, and that the defendants' location was attempted to be established in September, 1900; and that, at the time of the attempted establishment by the respondents, the location was held by the firm of Davis & Myers. The answer denied generally

the allegations of the complaint, and set up as an affirmative defense the establishment of the location by the respondents on the 29th of September, 1900, and denied that there was any location by any one of the territory upon which their location was established. The reply was a general denial of the affirmative allegations of the answer. Upon these issues the trial was had, and judgment was entered dismissing the cause; no findings of fact or conclusions of law being made by the court.

The first assignment is that the court erred in dismissing plaintiff's complaint without giving plaintiff any opportunity to prepare, propose, or file findings of fact or conclusions of law. While the record does not disclose the fact that plaintiff did not have an opportunity to propose findings of fact, we have frequently held that the statute in relation to findings of fact does not apply to equitable actions. *Knowles v. Rogers,* 27 Wash. 211 (67 Pac. 572); *Wintermute v. Carner,* 8 Wash. 585 (36 Pac. 490).

The second assignment is that the court erred in signing the judgment on the same day it rendered its opinion, without notice being given to the plaintiff. This is not error, under the rule announced by this court. *Brooks v. James,* 16 Wash. 335 (47 Pac. 751).

The other errors alleged reach to the merits of the case, and are discussed by the appellant under the three following propositions or interrogatories submitted by him, viz.: (1) Davis & Myers having a valid location on the ground, could the defendants go upon the same and make a valid location on September 29, 1900? (2) If they could not make a valid location on September 29, 1900, as against Davis & Myers, was it a valid location against anybody else, except the said original locators? (3) Whether, if the location of the defendants were an invalid location on September 29, 1900, at the time it was attempted to be

made, would it ripen into a valid location at the expiration of Davis & Myers' license on February 13, 1901? It will be observed that appellant's claim to the location rests upon the alleged fact that, at the time the respondents made their location, the ground was occupied by Davis & Myers. In answer to the third interrogatory, we should say that the legality of the location of the respondents depended upon the condition of facts existing at the time the location was made, and its validity or invalidity could not be affected by the expiration of Davis & Myers' license, or any other subsequent happening; and, as to the second, that if respondents could not make a valid location on September 29, 1900, as against Davis & Myers, they could not make a valid location at all at that time; and if the correctness of the first proposition is assumed, viz., that Davis & Myers had a valid location on the ground on September 29, 1900, the respondents could not go upon the same and make a valid location. But this is assuming the very pith of this controversy. Davis & Myers had started to establish a location in 1899, and re-established the same in February, 1900, by driving some posts and posting their number. But it is very stoutly contended by the respondents that this location was abandoned by Davis & Myers between that time and the time of their location in September. The respondents, upon making their location, complied with all the requirements of the law, both as to driving piles and posting the notices and recording their license. No license was on record by Davis & Myers at the time of the location by the respondents. We are not prepared to say that the record of the licenses is required as a prerequisite to fishing the ground located; but it would certainly be an additional security to the locator, which ought not to be neglected. It is the contention of the respondents that at the time they located their trap there was not only no record notice of the

location by Davis & Myers, or by any one else, but there was no notice of any kind; no posts or piles being driven or appearing upon the location, or within a great distance thereof. The license provided for by the statute is a roving license, and the location by virtue thereof may be established anywhere after it is obtained, and the recipient of the license can only be protected in the exclusive right to fish by complying with the law. There is no such thing as exclusive jurisdiction, so far as time is concerned. In fact, the legislature has carefully refrained from giving any one exclusive jurisdiction of the territory. The testimony on this proposition, which is the pivotal one in the case, is exceedingly conflicting, and a review or analysis of it would not be profitable; but, from a perusal of the record, we think the trial judge was justified in rendering the judgment which he did,—that there was a practical abandonment of the disputed territory by Davis & Myers, and that the ground was open to location by the respondents.

The judgment will be affirmed.

REAVIS, C. J., and FULLERTON and MOUNT, JJ., concur.