[No. 4771.   Decided February 6, 1905.]

F. E. WOMER, *Appellant,* v. W. F. O' BRIEN, *Respondent.*[1]

FISHERIES—LOCATION OF TRAPS—VALIDITY—EXPIRATION OR
ABANDONMENT OF PRIOR LOCATION. Where a fish trap location is
originally invalid because of a prior conflicting one, it does not
become valid upon the expiration, nor by the abandonment, of
the prior location.

SAME—ABANDONMENT OF SITE. Under Laws 1899, p. 203, § 9, a
trap location is not abandoned fifteen days before the expiration
of the license, because of failure to construct a trap at that time,
when the fishing season covered by the license had not expired
at that time.

SAME—INJUNCTION—PARTIES—WAIVER OF OBJECTION. In an ac-
tion to enjoin the construction of a fish trap upon a location
alleged to have been abandoned by the owner, the plaintiff can
not show, upon its appearing that the location was not aban-
doned, that a third party was the real owner of the location,
after having proceeded against the defendant as the owner there-
of.

Appeal from a judgment of the superior court for San
Juan county, Joiner, J., entered April 14, 1903, upon find-
ings in favor of the defendant, after a trial before the
court without a jury, dismissing an action for an injunc-
tion. Affirmed.

*Kerr & McCord,* for appellant.
*Quinby & Wells,* for respondent.

HADLEY, J.— This suit involves a controversy between
the claimants of two fish trap locations. In the year 1900 the
plaintiff, Womer, established a pound net fishing location
in the waters of Puget Sound, near the entry into Lopez
Pass, in San Juan county.   The location extended in an
easterly direction from the shore line, and was held under
license No. 2565, issued to appellant by the fish commis-

[1]Reported in 79 Pac. 474.

sioner of the state of Washington.     After the establishment of the location, and in the month of April, 1901, the plaintiff constructed a pound net or fish trap thereon.   Subsequently an action was commenced by Fidalgo Island Canning Company and others, against this plaintiff, and such proceedings were thereafter had that this plaintiff was, by injunction, compelled to cut off about four hundred and fifty feet of the outer end of said location, and was compelled to move the pot and hearts of his trap in shore, about the distance above named.

During the season of 1901 the plaintiff operated his trap at said location, at the point to which the same was removed under the mandatory injunction of the court.     Plaintiff alleges that, during all of said time and down to the present, he has substantially maintained a pile at the outer end of his said location, at practically the same point where it was originally driven in the year 1900; that the said No. 2565 was continuously maintained upon said outer pile, until just prior to the expiration of said license, when the number of a new license held by plaintiff was posted thereon.

The above mentioned action of the Fidalgo Island Canning Company and others, against the plaintiff, was instituted upon the ground that said location 2565 infringed upon a location lying to the northeasterly of the outer end of location 2565, said northeasterly location being then identified by a pound net license No. 1766.   At the time of the trial of that case, it was found by the court that the six hundred feet end passageway between 2565 and 1766 was infringed upon, and partially closed, by 2565, and that 1766 was the older location in point of time.     For said reason the plaintiff was enjoined and required to cut off a portion of his location as aforesaid.   On appeal to this court, that holding of the trial court was affirmed.     See *Fidalgo*

*Island Canning Co. v. Womer,* 29 Wash. 503, 69 Pac. 1121.

By that decision, location 1766 was determined to be a valid one, upon which the plaintiff here was then encroaching by the outer end of his location 2565. But he alleges in this action, that afterwards the holder of 1766 abandoned that location; that no fishing appliances were constructed thereon during the fishing season covered by the license numbered 1766. That license expired August 4, 1901, and the plaintiff alleges that on July 20, 1901, he had knowledge that said location had been abandoned by its holder, and that plaintiff thereupon extended his location, identified by license No. 2565, outward from the shore toward the east, a distance of about four hundred and fifty feet, and established a location thereon as a part of his existing one, and posted his license No. 2565 upon the outer pile of his extended location. He further alleges, that he is engaged in the construction of a pound net or fish trap upon his said location, which he intends to operate during the season of 1902; that, by reason of the abandonment of 1766, the waters theretofore held by that number became open, and that at said time the plaintiff's location 2565 became the only one in that vicinity, thereby removing any infringement by it upon the location of 1766, as such infringement existed when the case of the Fidalgo Island Canning Company aforesaid was tried.

This action was brought by plaintiff to enjoin the respondent from constructing a trap upon the location which was formerly identified by number 1766, but which is now claimed by respondent under a later license number. The cause was tried by the court, and resulted in a judgment denying the injunction, and dismissing the action. The plaintiff has appealed.

It will be observed from the foregoing statement that

appellant claims a right to that portion of location 2565 which, by the result of the former litigation mentioned, he was required to cut off. He was required to reduce the length of his location because it conflicted with the very one against which he now contends. He bases his present claim upon the ground that the other location was abandoned after the former suit was tried, and that he thereupon made good his location upon that portion he had been required to cut off. He contends that, when he extended his location on July 20, 1901, he intended it as a new location of that much of his trap site, and not simply to preserve rights which he claimed to have by virtue of his first location. The court found the reverse, and we think the finding is supported by the evidence. Under that finding appellant was attempting to hold by virtue of his original location, which, as we have seen, was determined in the former litigation to be invalid, so far as this conflicting portion is concerned, because of the prior location of the other site in controversy here. The original location being invalid when made, because of a prior conflicting one, it could not ripen into a valid location at the expiration of the license for the prior one, under the decision in *White Crest Canning Co. v. Sims,* 30 Wash. 374, 70 Pac. 1003.

Assuming, however, that it may be true that appellant, when he extended his location notice to the outer point, on July 20, 1901, did not intend his act as a mere preservation of rights under the first location, but did intend it as a new and independent location, what then are his rights? It will be remembered that the license under which number 1766 was held did not expire until August 4, 1901, fifteen days after appellant's attempted extension of his location. Number 1766 was still a live location. The court found that it was not abandoned, and we think the finding was justified. It is true, the holder had a short time before ceased driving trap piles at the location, but there yet

remained fifteen days of the license period within which construction could be carried on without any right of interference from any one.   Under Laws 1899, p. 203, § 9, it is provided that a locator who fails to construct his fishing appliance during the fishing season covered by his license shall be deemed to have abandoned the location. There is no evidence here showing that the fishing season covered by license 1766 had expired on July 20, when appellant attempted to extend his location.   The license period under 1766 was still running, and, unless the fishing season had expired, the location cannot be held to have been abandoned merely because a fishing appliance had not been constructed prior to that time.    Therefore, even though it should be held here, with appellant's contention, that the lower court should have found that appellant's intention on July 20 was to make a new location as of that date, it nevertheless follows that such new location was made while the older conflicting one was still in force. Any claim of abandonment of the older location after that time is ineffectual, for the reason that such subsequent abandonment would not have validated appellant's new location, since the latter was invalid when made.   *White Crest Canning Co. v. Sims, supra.*   Appellant's claim for relief relates back to, and is founded upon, his attempted location of July 20, 1901, and we think the denial of the injunction was not erroneous.

It is assigned that the court erred in refusing to admit evidence to show that the Fidalgo Island Canning Company was the real owner of the location sought to be enjoined.   We think the evidence was properly refused.   Appellant had sued respondent, and not the Canning Company, as the holder of the location.

The judgment is affirmed.

MOUNT, C. J., FULLERTON, and DUNBAR, JJ., concur.

RUDKIN, ROOT, and CROW, JJ., took no part.