186                          BARTO v. DAVIS.

[No. 5311.   Decided February 23, 1905.]

ELLA BARTO *et al., Appellants,* v. EVAN R. DAVIS *et al.,*
*Respondents.*[1]

ESTOPPEL—SETTLEMENT AND COMPROMISE—JUDGMENT—PAYMENT
IN IGNORANCE OF EXECUTION SALE.   Where judgment debtors make
a settlement of a judgment in ignorance of the fact that an ex-
ecution had been issued and their land sold thereunder to the
judgment creditors, no sheriff's deed having been issued or cer-
tificate of sale recorded, and the judgment creditors are aware of
such ignorance and know that the debtors suppose that the sum
paid was for an assignment of the entire judgment, the judgment
creditors are estopped from asserting any rights under the
sheriff's deed thereafter issued, or from denying that the settle-
ment included the entire judgment.

Appeal from a judgment of the superior court for King
county, Albertson, J., entered May 9, 1904, upon findings
in favor of the defendants, after a trial on the merits be-
fore the court without a jury, dismissing an action of
ejectment.   Affirmed.

*Tucker & Hyland,* for appellants.   The plaintiffs are
charged with knowledge of the execution and sale.   *Brand
v. Baker,* 42 Ore. 426, 71 Pac. 320; *Singly v. Warren,* 18
Wash. 434, 51 Pac. 1066, 63 Am. St. 896.   Silence alone
is not sufficient to create the estoppel *in pais.*   Bigelow, Es-
toppel (4th ed.), p. 575; *Kingman v. Graham,* 51 Wis.
232, 8 N. W. 181; *Brant v. Virginia Coal etc. Co.,* 93
U. S. 326.   The plaintiffs did not exercise ordinary dili-
gence.   *Washington Cent. Imp. Co. v. Newlands,* 11
Wash. 212, 39 Pac. 366; *Tacoma v. Tacoma Light etc.
Co.,* 16 Wash. 288, 47 Pac. 738; *West Seattle Land & Imp.
Co. v. Herren,* 16 Wash. 665, 48 Pac. 341; *Slaughter's
Adm'r v. Gerson,* 13 Wall. 379.

1Reported in 79 Pac. 623.

*Winsor & McKay,* for respondents.  The defendants
were estopped.   *Moore v. Brownfield,* 10 Wash. 439, 39
Pac. 113; *Lynch v. Richter,* 10 Wash. 486, 39 Pac. 125;
*Marines v. Goblet,* 31 S. C. 153, 9 S. E. 803, 17 Am.
St. 22; *Knowles v. Rogers,* 27 Wash. 211, 67 Pac. 572.
The concealment of the execution sale was a fraud *per se.*
*Rothmiller v. Stein,* 143 N. Y. 581, 38 N. E. 718, 26
L. R. A. 148; *Brown v. Montgomery,* 20 N. Y. 287;
*Knouff v. Thompson,* 16 Pa. St. 357; *Morris v. Herndon,*
113 N. C. 236, 18 S. E. 203; *Birch v. Steppler,* 11 Col.
400, 18 Pac. 530; *Robbins v. Moore,* 129 Ill. 30, 21 N. E.
934; *Kiefer v. Rogers,* 19 Minn. 32; *Staton v. Bryant,* 55
Miss. 261; *Wynne v. Mason,* 72 Miss. 424, 18 South. 422;
*Olden v. Hendrick,* 100 Mo. 533, 13 S. W. 821.

RUDKIN, J.—On the 22d day of March, 1897, the plain-
tiffs in this action recovered a judgment against the de-
fendants in the sum of $110.79, before one of the justices
of the peace of King county.   On the same day a tran-
script of this judgment was filed with the clerk of the
superior court of said county.   On the 8th day of June,
1897, a writ of execution on said judgment was issued out
of said superior court, and on the 16th day of July, 1897,
the property in controversy in this action was sold under
said execution, and bid in by the plaintiffs in this action,
for the sum of $50, the plaintiffs receiving a certificate of
sale therefor.

Some time prior to September 19, 1899, Richard
Winsor, representing the defendants, entered into nego-
tiations with the plaintiffs with a view of settling and
satisfying the above mentioned judgment; and, as a result
of such negotiations, on said last mentioned date, the plain-
tiffs assigned the judgment to said Winsor, who was acting
for the defendants; and, in consideration of such assign-
ment, the plaintiffs were paid the sum of $25.   This

assignment was entered of record in the clerk's office, and satisfaction of the judgment was thereupon entered by Winsor as assignee.   On the 16th day of September, 1902, the plaintiffs procured a sheriff's deed to the premises in controversy.   At the time of the settlement and assignment of the judgment, as above mentioned, neither the defendants nor their attorney had notice that an execution had been issued on the judgment, out of the superior court, or that the premises in controversy had been sold thereunder, and had no such notice until about the time of the commencement of this action.   The court below found that the plaintiffs had knowledge of the fact that Winsor was in ignorance of the sale in question, and made such settlement in entire ignorance of such sale, and that the plaintiff concealed the fact that such sale had been made, from said Winsor, at the time of said settlement, and we think this is a proper inference from the testimony.

At the time the property in controversy was sold under the execution, it was subject to a mortgage in the sum of about $400, aside from delinquent taxes against it, and the equity above the mortgage and taxes was of little or no value.   Counsel for plaintiffs did not consider it worth the price of a sheriff's deed.   Some time after the sale, the property was deeded to the holder of the above mortgage as additional security.   Thereafter the property was deeded back to defendants, the defendants paid off the mortgage, paid all delinquent and accruing taxes, and built a house on the property of the value of $1,600, expending in all some twenty-two or twenty-three hundred dollars on the property.   During all this time the defendants were in entire ignorance of the sale in question, and the plaintiffs were concealing from them the fact of such sale.   The certificate of sale was never recorded, and the sheriff's deed was not issued until some five years after the sale.   During all these years the defendants were in

possession of the property in dispute, paying the taxes and making valuable and lasting improvements thereon.

The plaintiffs brought an action of ejectment to recover possession of the property, and also to recover the rents and profits, amounting to the sum of $500.    The answer of the defendants denied the material allegations of the complaint, and alleged affirmatively substantially the matters herein set forth.    The case was tried by the court without a jury, findings of fact and conclusions of law were filed, and, from the judgment entered thereon in favor of the defendants, this appeal is taken.

The court found that, at the time the settlement of the judgment in the justice's court was made, and the judgment assigned to Winsor, and the money paid on account of the assignment, the defendants and their attorney were ignorant of the sheriff's sale, and supposed, in good faith, that the settlement covered and included the entire judgment of $110; that the plaintiffs knew that the defendants and their attorney were laboring under this mistake, but concealed all knowledge of the sheriff's sale from them, and made the assignment of the judgment, and accepted the money therefor, with full knowledge that the plaintiffs supposed that the payment was made in satisfaction of the entire judgment.    As stated heretofore, we think this finding is a proper deduction from the testimony and the acts and conduct of the parties.    Under such circumstances, the plaintiffs are bound by the settlement made, and should be estopped to deny that the settlement included the entire judgment, or to set up any rights under the sheriff's deed.    As said by this court in *Knowles v. Rogers,* 27 Wash. 211, 67 Pac. 572:

"When the appellant, after the settlement, without the notice or knowledge of respondent, took further steps in the action which had been settled, and thereby obtained the legal title to the lands, this course was certainly contrary

to what appellant, both by his conduct and statements, had led respondent to believe would be taken, and was in fraud of respondent's rights."

Inasmuch as we are of opinion that the plaintiffs are estopped to deny that the settlement, made on the 19th day of September, 1899, included the judgment of the justice of the peace, and all rights growing out of such judgment, including the rights, if any, acquired by the sheriff's sale, we deem it unnecessary to decide whether the plaintiffs are estopped by the fraudulent concealment of their claim to the property, during the succeeding years while the defendants were redeeming the premises from taxes and mortgages, and making valuable improvements thereon, in good faith and in entire ignorance of the plaintiffs' secret claim thereto.

There is no error in the record, and the judgment is affirmed.

MOUNT, C. J., HADLEY, FULLERTON, and DUNBAR, JJ., concur.

ROOT and CROW, JJ., took no part.