[No. 8132. Department Two. January 28, 1910.]

PETER MULLER, *Respondent*, v. APEX FISH COMPANY, *Appellant*.[1]

FISH—LICENSES—EXPIRATION—LOCATION. Where a license for a fish trap expires before any trap has been actually constructed, the place becomes open water subject to the first proper location for the next season.

SAME—LOCATION—PLAT — DESCRIPTION — SUFFICIENCY. A clerical error in giving a fish trap location at a specified section corner in township 37, instead of township 33, will not invalidate a location, where the plat sufficiently identified the site by locating it off the west coast of Whidby Island, since no one could be misled.

SAME—LICENSES—PREREQUISITE—FEDERAL PERMIT. A Federal permit is not a prerequisite to the issuance of a state license for a fish trap, and failure to secure the same cannot be urged as an excuse for trespass on the location, it being a matter between the locator and the Federal authorities.

Appeal from a judgment of the superior court for Island county, Still, J., entered May 17, 1909, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action to establish the right to a fish trap location. Reversed.

*Hadley, Hadley & Abbott* and *Million & Houser* (*Dorr & Hadley*, of counsel), for appellant.

*Byers & Byers*, for respondent.

[1]Reported in 106 Pac. 625.

MOUNT, J.—This action is a contest over a fish trap location in the waters of Puget Sound off the west coast of Whidby Island. The plaintiff alleged, that on January 9, 1909, he located a fish trap or pound net location at a point opposite section 29, tp. 33, north, range 1, east, W. M., and caused said location to be accurately surveyed and a plat thereof to be filed with the county auditor of Island county; that at said time he was the holder of fishing license No. 14, issued by the state fish commissioner, which license was good until March 31, 1909; that the waters wherein said location was made were open waters and were subject to the location made by the plaintiff; that afterwards, on April 8, 1909, in order to more fully comply with the law, plaintiff made another location under a renewal of license No. 14; that the defendant afterwards occupied and trespassed upon, and was attempting to construct upon the plaintiff's location, and without right claimed an interest in such location, and excluded the plaintiff therefrom. The prayer was for a restraining order restraining the defendant from interfering with the plaintiff in said location. The defendant answered, denying that the plaintiff was a prior locator, and alleged that it was prior both in time and right. The priority of location was the principal issue in the case. Upon the trial the court found that the waters where the location was made were open waters and subject to the location as made by the plaintiff on January 9, 1909, and that the plat of location made and filed by the defendant on April 1, 1909, did not mark the limits of the trap and did not describe the location sufficiently for identification, and therefore entered a decree as prayed for in the complaint.

It was very clearly shown that the defendant had located these waters as a trap site each year since the year 1905, and that defendant's location and license for the year 1908-9 had not expired when the plaintiff made his location on January 9, 1909. It is true that the defendant had not constructed a trap on the location but had leased the same to another

during these years. It is conceded that the license under which the plaintiff sought to make his location on January 9, 1909, had been used upon another location which the plaintiff had fished, and that neither party had constructed a trap on the location in question during the season ending April 1, 1909. On the last-named date, on the expiration of all the licenses issued for the fishing season ending on that date, the defendant made a new location on the site in question, and began the active work of constructing a trap. Thereafter on April 8, 1909, the plaintiff procured a new license and made another location upon the same, or substantially the same, waters. These facts were not disputed. It may be conceded for the purpose of this case, therefore, that the location in dispute was open water on April 1, 1909, and subject to location by any person, because the licenses had expired and because no trap had been actually constructed by either party during the fishing season. *Womer v. O'Brien*, 37 Wash. 9, 79 Pac. 474. The appellant was first in time in filing its location for the year 1909, and, if its plat was a proper one, is no doubt prior in right.

It appears that upon the plat filed by the appellant on April 1, 1909, the section corner from which the trap site is located was described as being at "sections 28, 29, 32, and 33, T. 37, N. R. 1 E.," instead of township 33, north, range 1, east, and the court found that this plat was not sufficient for identification of the trap site. But the evidence very clearly points out that this was a clerical error, and that no one would or could be misled thereby, because the plat located the trap site off the west coast of Whidby Island, opposite section 29, which is in township 33, north, range 1, east, and that there could be no such place upon that coast as township 37 north, range 1, east. It was not claimed that the respondent was misled by this error. The map or plat upon its face seems, both by the evidence and an examination of the plat itself, amply sufficient for the ascertainment and identification of the trap site on the premises, which is all the

statute requires.    Laws 1905, p. 255, § 2 (Rem. & Bal. Code, § 5214).

The respondent claims that the appellant had no Federal permit to construct its trap in these waters.    There is some question whether the appellant had such permit, but if it did not, that fact would not authorize the respondent to appropriate the location.    Whether the appellant had such permit is a matter wholly between the appellant and the Federal authorities.    It is not made by statute a prerequisite to a valid location.

We are of the opinion for these reasons that the appellant was prior in right and that the trial court should have dismissed the action.    The judgment appealed from is therefore reversed and the action dismissed.

RUDKIN, C. J., CROW, PARKER, and DUNBAR, JJ., concur.