[No. 10539. Department Two. December 18, 1912.]

R. W. GUINN *et al., Respondents,* v. R. ROELOFS, *Appellant.*[1]

APPEAL—REVIEW—HARMLESS ERROR. In an action tried to the court, it is not material whether the court used the proper measure of damages, where there was ample evidence to warrant the court's finding of damages.

FISH—FISHERY RIGHTS—LOCATIONS—DESCRIPTION. A map for a fishing location sufficiently describes the location, within Rem. & Bal. Code, § 5214, where it fixes the upstream limit so that a person would have no trouble in locating it; and it is not necessary to describe the downstream limit, which the law fixes 300 feet distant.

Appeal from a judgment of the superior court for Snohomish county, Bell, J., entered February 5, 1912, upon find-

[1]Reported in 128 Pac. 653.

ings in favor of the plaintiffs, after a trial on the merits before the court, in an action to enjoin a trespass and for damages. Affirmed.

*E. C. Dailey,* for appellant.

*William Sheller,* for respondents.

Morris, J.—Respondents, claiming certain fishing locations in the Snohomish river, brought this action against appellant to restrain him from fishing within these locations, and to recover damages for the trespass. Upon the hearing, a decree was entered in respondents' favor, establishing their locations, restraining appellant from fishing therein, and fixing the damages at the sum of $50, from which decree appeal is taken.

Appellant first attacks testimony given by respondents, showing or tending to show the number of fish taken from these locations by appellant, contending that the only way respondents could prove damage would be by the value of the use of the fishing grounds for fishing purposes; and as there was no evidence of this, there was no testimony upon which to base the award of damages. The case was tried to the court without a jury. Under these circumstances we are not disposed to search the record to ascertain whether or not the court used the proper measure of damage. Whatever was the proper measure of damage, and whether the court followed it or not, there was ample testimony correctly received to warrant a finding that respondents had been damaged to the extent found.

Respondents' location maps are next attacked as being insufficient to give them any fishing rights at the location in question. Section 5214, Rem. & Bal. Code, contains the requirements for these location maps. It is provided that they "contain a plat and description of said fishing location sufficient for its ascertainment and identification on the premises." Other provisions need not be referred to. The fault

found with these maps is that they fail to show the lower or downstream limits. An examination of the map shows, as found by the lower court, that it contains all the statutory requirements. The statute describes each location as 300 feet downstream from the upper limits. It does not seem to us that the map should measure off 300 feet in order to establish the lower limits of the location. The law fixes the lower limit, and when the location map accurately shows the upper limit, it is a very simple matter to identify the location on the river. In *Muller v. Apex Fish Co.*, 57 Wash. 140, 106 Pac. 625, the map gave the township as "37" instead of "33." It was pointed out that no one could be misled by this error, because the map located the trap site off the west coast of Whidby Island, which is in township 33. In addition, it was said: "It was not claimed that the respondent was misled by this error. The map or plat upon its face seems, both by the evidence and an examination of the plat itself, amply sufficient for the ascertainment and identification of the trap site on the premises, which is all the statute requires." So here, any person taking this location map for the purpose of ascertaining the exact location of these fishing rights would have no trouble in finding them, which is all that is required. The critical searcher could only say: "It does not say how far downstream it goes." The law fixes that distance, and no one desiring to ascertain it need long remain in ignorance.

The last assignment is insufficiency of the evidence to sustain the findings. We think it is ample.

The judgment is affirmed.

Mount, C. J., Main, Ellis, and Fullerton, JJ., concur.