[No. 15423.   Department One.   April 5, 1920.]

Ed Olsen *et al., Respondents,* v. The City of
Bremerton *et al., Appellants.*[1]

Nuisance (15)—Rights of Private Parties—Special Damages.
Persons residing contiguous to a park may maintain an equitable
action to abate a nuisance, as parties specially injured in a degree
different from the general public through the dumping of garbage
in the park, causing interference with their comfort and danger to
their health.

Pleading (145)—Judgment on Pleadings—Answer—Effect of
Denials.   In an action to abate a private nuisance in which the
answer denied the allegations respecting the special damages suf-
fered by the plaintiffs, it is error to grant a judgment for plaintiffs
on the pleadings.

Pleading (52)—Answer—Denial on Information and Belief—
Issues.   In an action to abate a private nuisance, a denial on infor-
mation and belief of the allegation that plaintiffs are residents and
taxpayers, is good in form as to the allegation that they were resi-
dents.

Pleading (149)—Judgment on Pleadings—Answer—Admissions
in Pleadings.   In an action by private citizens against a city to
abate a nuisance through the dumping of garbage in a park, an
answer by co-defendant park commissioners in charge of the park,
admitting and joining in the complaint, does not warrant judgment
against the city on the pleadings, it not appearing that such answer
was served on the city or that it had any opportunity to reply.

Nuisance (23)—Relief Awarded—Judgment of Contempt—
When Harmless.   In an action against a city and its officers to
abate a nuisance, a judgment of contempt against its officials, for
dumping garbage in violation of an injunction, did not harm the
defendants and will not be disposed of on its merits on appeal, in
view of a retrial of the action to enjoin the nuisance, where no
penalty or punishment was imposed and the officers were discharged
with a warning.

Appeal from judgments of the superior court for
Kitsap county, French, J., entered April 18, 1919, and
June 11, 1919, granting, on the pleadings, an injunc-

[1]Reported in 188 Pac. 772.

tion to abate a nuisance; and adjudging defendants in contempt for violating the decree of injunction. Judgment on pleadings reversed; appeal from order in contempt proceedings dismissed.

*H. E. Gorman* and *F. W. Moore,* for appellants.

*Bryan & Garland,* for respondents.

MITCHELL, J.—This is an appeal from a final decree enjoining the city of Bremerton from depositing garbage in or upon Evergreen Park in that city, and also an appeal from a judgment in contempt proceedings instituted against certain of the defendants for violating the decree.

Ed Olsen and others, as plaintiffs, commenced the action against the city, its mayor, seven councilmen, garbage superintendent, and three park commissioners, as defendants. In paragraph one of the complaint it is alleged the plaintiffs are residents of the city of Bremerton and taxpayers in said city, owning property and paying taxes thereon for the maintenance of the city. In the answer of defendants other than the park commissioners, the allegations of paragraph one of the complaint are denied on information and belief. Proceeding, the plaintiffs allege, in substance, though with considerable detail, the establishment and existence of Evergreen Park within the city; that the park consists in part of tide lands, set aside and used as a playground and place of recreation for the inhabitants of the city; and that the defendants are maintaining, and unless enjoined will continue to maintain, a public nuisance, by continuously depositing, in and upon the public park, filth, decaying matter, ashes, cans, boxes, debris and garbage of all kinds. Further, in paragraph eleven of the complaint, it is specifically alleged as follows:

"That the dumping of said garbage as aforesaid is a public nuisance, causing special damages to these plaintiffs, which said damages are not suffered by the public generally, as follows, to-wit: That the plaintiffs reside in that portion of the city of Bremerton which lies contiguous to the said Evergreen Park. That the greater portion of the tide lands lying near and contiguous to the said park are owned by certain of these plaintiffs. That owing to the contiguity of residence of certain of these plaintiffs their children play in said park within call of their homes, and their parents and said plaintiffs and their families are especially subjected to the annoyance and inconvenience and danger to their health because of the noxious gases and fumes arising from said garbage, offal and filth deposited and dumped in said park as aforesaid. That in order to destroy the said deposits of garbage, the defendants cause it to be burned, without establishing or providing an incinerator or any enclosure for the said burning thereof, so that the smoke and fumes from the said burning of garbage, filth and vegetable matter enters the homes of these plaintiffs and they are compelled to breathe the said fumes, thus greatly endangering their health. That flies and insects go back and forth from the said garbage and filth and offal into the homes of these plaintiffs, greatly to the injury and menace of their health and well being."

Thereafter it is alleged that such conduct on the part of the defendants is in violation of certain city ordinances, which are properly plead and set up in the complaint.

Defendants, other than the park commissioners, by their answer, denied the allegations of paragraph eleven of the complaint. Other portions of the answer, including an affirmative defense to the effect that the debris and garbage were being disposed of on the tide flats in one corner of the park according to a scientific process and in a sanitary manner, in no way strengthen the right of the plaintiffs, suing in their

own names as private parties, to maintain a motion for judgment on the pleadings. The three park commissioners, not appearing by an attorney, filed a separate answer in which they admitted practically all the allegations of the complaint, alleged they had, before the commencement of the action, protested to the city council against the disposition of the garbage in the manner set out in the complaint, and prayed for an injunction against the city and its officers, prohibiting the depositing of the garbage in the city park.

On the call of the case as set for trial, the plaintiffs moved for a judgment on the pleadings. The motion was granted, and the judgment entered shows it was granted upon the motion for judgment on the pleadings. After reciting that garbage was being deposited in the park contrary to certain mentioned provisions of specific ordinances, the judgment proceeds and orders as follows:

"And it further appears from the records and files herein that the park commission of the city, composed of C. P. Kimball, Mrs. E. H. Bowdoin and F. M. Gruwell, have filed their unanimous protest against the practice of the city of Bremerton of dumping garbage in the said park, and that the said park commissioners are now before the court praying unanimously that this court shall aid them in preventing the city of Bremerton from the said practice, and it appearing that the law of the state of Washington confers upon said park commissioners full power and authority to control and supervise all parks in the city of Bremerton, and that Ordinance 216 of the city of Bremerton also gives full and complete authority to the said park as in said premises, it is therefore

"Ordered, That the prayer of the plaintiffs be granted that the city of Bremerton be perpetually enjoined, restrained and prohibited from dumping or depositing garbage on or upon Evergreen Park or upon any of the tide lands adjacent to the said park; and the

plaintiffs are further allowed their costs and disbursements herein to be taxed by the court."

The defendants other than the park commissioners have appealed from the judgment.

The allegations in paragraph eleven of the complaint show that respondents were specially injured in a manner different in kind and degree from that of the general public, which entitled them to maintain an equitable action to abate such a nuisance. *Dawson v. McMillan*, 34 Wash. 269, 75 Pac. 807; *Hulet v. Wishkah Boom Co.*, 54 Wash. 510, 103 Pac. 814, 132 Am. St. 1127. The demurrer to the complaint was properly overruled.

The next assignment of error, that the court should not have granted judgment upon the pleadings, is well founded. Admitting that the complaint alleged the existence and threatened continuance of a public nuisance, whether by violating city ordinances or independent of such ordinances, it was further necessary for the respondents, suing as private parties, to show they were specially damaged, in order to abate such a nuisance by injunction. *Jones v. St. Paul, M. & M. R. Co.*, 16 Wash. 25, 47 Pac. 226; *Hulet v. Wishkah Boom Co.*, *supra*. But while the averments in paragraph eleven of the complaint were sufficient in this respect as against a demurrer, upon being denied by the answer, as they were, those averments were stripped of all value to authorize a judgment on the pleadings. But it is contended by respondents that the denial, on information and belief, of the allegations in paragraph one of the complaint, to the effect that respondents are residents and taxpayers of the city, raises no issue. Those allegations only place the respondents in the class of the general public, so far as the right to maintain this action is concerned. The action is not at the instance or on behalf of the public,

but on behalf of private parties who claim to be specially damaged and threatened. But the denial on information and belief, if not good as to the allegation that the respondents are taxpayers of the city, upon the theory that it is not thus allowed to put in issue matters of public record, is good in that form as to the allegation that respondents are residents of the city, which is one of the essential things, after all, in the case as it is presented upon this appeal; for there is no pretense or claim of damage to the property of respondents, but only interference as to their health and comfort.

Further, it is claimed by respondents that the attitude of the board of park commissioners, by the admissions and prayer contained in its answer, is sufficient to warrant the court in rendering the judgment appealed from. Whatever may be the rights and powers of the board to maintain such an action as this, it is not necessary to now decide. The judgment was granted, not upon the motion of the board of park commissioners, but upon the motion of respondents, the board not joining therein. In addition, the record before us does not show that the answer of the board of park commissioners was served upon either of appellants or their attorney, nor does it show that any or all of appellants answered or were allowed to answer the hostile charges contained in the answer and petition of the board of park commissioners.

It is assigned that: "The court erred in holding appellants guilty of violating the decree of injunction and holding them in contempt." It appears that, after the judgment of injunction was entered, the city council repealed the ordinances it was adjudged to have violated; and thereafter the city proceeded to dispose of the garbage as formerly. Upon a showing made to

the trial court that its judgment was being violated, it entered and ordered to be served a show-cause order in contempt proceedings. Upon response to the show-cause order, and upon a hearing had, while the court did find that several of these appellants had committed a technical civil contempt, it was therein

"Ordered and adjudged by the court that said defendants be and they are hereby discharged without the imposition of any penalty further than a warning in repetition of the acts complained of in plaintiffs' complaint."

We are not inclined to dispose of this portion of the appeal on its merits. The appellants were in no way harmed by the order. No imprisonment or fine was adjudged against them, nor was there any imposition of costs by way of punishment, or at all. The reversal of the judgment on the pleadings, in the main cause, will afford the parties ample opportunity to apply for leave to recast the pleadings, if desired, so as to properly present all material matters relating to the rights of the parties to the controversy.

The judgment on the pleadings is reversed; the appeal from the order in the contempt proceedings is dismissed. Appellants will recover their costs.

HOLCOMB, C. J., PARKER, MAIN, and MACKINTOSH, JJ., concur.