[No. 32003.    *En Banc.*    September 25, 1952.]

ROBERT LEE HARRIS *et al., Respondents,* v. JAMES E. SKIRVING *et al., Appellants.*[1]

[1]Reported in 248 P. (2d) 408.

*Merkel & Cook,* for appellants.

*Bryan & Bryan,* for respondents.

MALLERY, J.—The defendants were about to establish and operate a private garbage dump near the outskirts of the city of Bremerton, in a wooded area designated generally as the Kitsap Lake District. The proposed operation had prospects of considerable magnitude, since the city of Bremerton had ceased the municipal collection of garbage, and the Navy Yard was a prospective customer as well as the inhabitants of the territory surrounding the city.

There are forty-five homes within half a mile of the proposed project and two hundred fifty homes within a radius of one and one-half miles. The area surrounding the proposed garbage dump is wholly residential, there being no industrial enterprises therein.

The defendants had built some roads, and had made other preparations for the operation.

The plaintiffs are residents of the vicinity, and brought an action to secure a permanent injunction against the operation on the ground that it would be a nuisance.

After the bringing of the action, but before the trial, the defendants procured the rezoning of an eleven-acre tract,

referred to throughout the record as "Canyon A," within the property described in the complaint as belonging to the defendants, so that from the beginning of the trial the plaintiffs proceeded upon the sole theory that the proposed operation would be a nuisance in fact, and made no contention that it would be a nuisance *per se* by reason of being unlawful or in violation of any established zoning rules or other government regulations.

The trial court granted a permanent injunction against the operation on the entire sixty-eight acres. The defendants appeal.

The facts found by the trial court, which the appellants assign as error, are: That the garbage dump would endanger the health of the community by the breeding and spreading of vermin, insects, and rodents; that smoke from the burning operation would collect on Kitsap Lake; that the inhabitants of the Kitsap Lake District would be annoyed and injured by the infusion of odors from the dumping of garbage and the burning of trash and refuse; that the inhabitants would be endangered by the hazard of fire; that the operation would decrease the value and salability of the Kitsap Lake property; and that the general fear and alarm of the residents of the Kitsap Lake District was reasonable and well-founded. It further found that the hauling of garbage past certain homes would be offensive to the inhabitants.

■ These assignments are argued together, and we dispose of them by holding that the record in this case supports the trial court's findings of fact, excepting that the hauling of the garbage would be a nuisance. This exception avails appellants nothing, however, since the other findings of fact are sufficient to support the judgment.

■ The appellants further assign as error the finding of the trial court that the respondents had brought the suit as a representative action. Assuming, without deciding, that there is merit to appellants' contention, it is still without significance since the respondents also brought the action on their own behalf as well, which they had a right to do. RCW 7.48.210 [*cf*. Rem. Rev. Stat., § 9921]; *Olsen v. Brem-*

*erton,* 110 Wash. 572, 188 Pac. 772; *Bales v. Tacoma,* 172 Wash. 494, 20 P. (2d) 860.

The appellants' assignment of error No. 13 reads:

"The Court erred in assuming that the State or County Health Departments were interested in the establishment of a sanitary land fill beyond their duties of office, which assumption colored the Court's judgment and prevented the Appellants from having a fair trial."

█ This assignment of error is predicated upon language the trial court used in its memorandum opinion. It does no more than give the reasons why the court believed some witnesses and not others. We conceive the question raised to be one concerning the credibility of witnesses. Our ruling that the record supports the trial court's findings of fact necessarily carries this contention with it.

The appellants assign as error the inclusion of the entire sixty-eight acres within the purview of the injunction. It may be granted that only eleven acres, "Canyon A," had been rezoned at the time of trial to permit appellants' operation.

█ While an injunction ought not to be unnecessarily large when applied to land, neither should it be too restricted in area to be effective. It seems clear to us that this assignment is not well taken. No part of the entire tract is suitable for a garbage dump. "Canyon A" is only large enough for three hundred thirty days of operation. The appellants have demonstrated the ease with which they can secure rezoning and the permits necessary for such an operation. In view of all of the circumstances in this case, the presumption that appellants will not attempt to use any of the remainder of the property as a garbage dump is unsound. Respondents' fruits of this litigation would be put in jeopardy by such a restriction as the appellants seek.

██ This same consideration inheres in the last assignment of error to be treated, namely, that the trial court erred in granting a perpetual unconditional injunction against appellants' operation.

The permanent injunction was predicated upon the finding of the trial court that the covering of the garbage would

be a constant problem to the health authorities due to the high. cost of properly compacting the fill. The amount of litigation that can arise in this kind of a case is well illustrated by *State ex rel. Bradford v. Stubblefield,* 36 Wn. (2d) 664, 672, 220 P. (2d) 305, wherein we predicated the dissolution of an injunction against a fat-rendering plant upon the factual basis that

" . . . there was no finding or recital in either order to the effect that it would be impossible or impracticable for respondent ever to overcome the nuisance features of the operation. Thus it might be inferred that the orders in question were intended only to restrain any *offensive* operation of the plant."

Here the decree and findings of the trial court are unequivocal. The permanent and unconditional injunction is predicated upon the theory that the nature of the business is inherently obnoxious in a residential area. The spot rezoning resorted to in this case does not change the residential character of the community in general, nor permit a nuisance in fact to exist. *Shields v. Spokane School Dist. No. 81,* 31 Wn. (2d) 247, 196 P. (2d) 352.

The judgment is affirmed.

SCHWELLENBACH, C. J., FINLEY, WEAVER, and OLSON, JJ., concur.

GRADY and DONWORTH, JJ. (dissenting)—Our objection to the findings of fact made by the trial court is that they are founded upon the thought that the hauling of garbage from the city of Bremerton to the designated destination, burning that which is inflammable and depositing the residue and other garbage in a gully or canyon to be covered with earth will necessarily constitute a nuisance. Such a result is too anticipatory to justify an injunction. We cannot conclude from the evidence in the record that the evil results anticipated by the court are so probable, threatening and likely to ensue that the people residing in Bremerton should be barred in advance from having garbage disposed of without the contractor being given an opportunity to comply with health regulations and to burn and make the fill in

such a manner as to protect the persons living in the vicinity and their property from the creation and maintenance of a nuisance.

The courts do not have much difficulty in the exercise of their injunctive powers when any activity is in fact a nuisance, nor when in the very nature of things such a result must inevitably follow; but where such activity may or may not be a nuisance according to the way in which it will be carried on, they should proceed with the utmost caution. It must be borne in mind that the disposal of garbage is a necessity from a health and sanitation standpoint and if done in such a manner as not to constitute a nuisance is a lawful activity.

When the health authorities granted a permit to haul garbage from the city and dispose of it by burning and by means of a sanitary fill, it must be assumed they believed such activity could be carried on and the objective attained in such a manner as to be lawful; also that they expect to supervise the activity and curtail any part of it that cannot be carried on in a lawful manner. Some people may be sensitive over the passage of vehicles transporting garbage through their neighborhood, or not like the sight of smoke arising from burning, but there necessarily has to be a balancing of conveniences and a recognition of the necessities of others and that ideal situations cannot exist under all circumstances.

We are not convinced that the plan of garbage disposal proposed cannot be carried out without creating a nuisance. It may be that some of the acts, such as burning, cannot be done without becoming offensive to such an extent as to constitute a nuisance, but if the garbage can be dumped into a gully or canyon and promptly covered with earth so that it does not become offensive, then there is no room for interference by the court by way of prohibitive injunction.

The judgment should be reversed with directions to dismiss the action without prejudice to the institution of a similar suit if and when the activities of appellants in the

disposal of garbage as contemplated should constitute a public or private nuisance.

Hill and Hamley, JJ., concur with Grady and Donworth, JJ.